**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN ODELL BOULWARE, | No. 10-55836 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-04325-DMG-E |
| v. | |
| CALIFORNIA DEPARTMENT OF INSURANCE COMMISSIONER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

California state prisoner Ruben Odell Boulware appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims related to workers' compensation fraud charges against him

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that were dismissed before retrial. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Boulware's false arrest and retaliatory prosecution claims because his employer's apparently illegal failure to maintain insurance coverage was not sufficient to allege that defendants lacked probable cause to arrest or prosecute Boulware for workers' compensation fraud. *See Beck v. City of Upland*, 527 F.3d 853, 869 (9th Cir. 2008) (lack of probable cause is a prerequisite to allege false arrest and retaliatory prosecution claims under the Fourth and First Amendments, respectively).

Boulware waived any argument regarding the dismissal of his state law malicious prosecution claim by failing to reallege the claim in his first or second amended complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (plaintiff who fails to include dismissed claims in a superseding amended complaint is deemed to have waived any error in the prior complaint's dismissal).

Boulware's remaining contentions are unpersuasive.

**AFFIRMED.**